cat / div 2255/510 / Dade
Case # _____
Judge Huck    Mag. PAW
Motn Ifp _____  Fee pd $ _____
Receipt # _____

FILED by _____ D.C.
AUG 15 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA — MIAMI

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of Florida |
|---|---|---|

| Name (under which you were convicted): GUILLERMO ALFONZO ZARABOZO | Docket or Case No.: 07-20839-CR-HUCK |
|---|---|
| Place of Confinement: USP II, COLEMAN, FLORIDA | Prisoner No.: 79076-004 |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | GUILLERMO ZARABOZO |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court for Southern District of Miami
    400 North Miami Avenue
    Miami, FL 33128

    (b) Criminal docket or case number (if you know): 07-20836-CR-HUCK

2. (a) Date of the judgment of conviction (if you know): 2/19/2009

    (b) Date of sentencing: 5/6/2009

3. Length of sentence: LIFE

4. Nature of crime (all counts):

    18 USC § 2280(a)(1)(h)
    18 USC § 2280(a)(1)(a)
    18 USC § 2280(a)(1)(b)
    18 USC § 2280(b)(1)
    18 USC § 2280 1111(a)
    18 USC § 2280 1201(a)(2)

5. (a) What was your plea? (Check one)

    (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☑ No ☐

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

   (a) Name of court: ELEVENTH CIRCUIT COURT OF APPEALS

   (b) Docket or case number (if you know): 09-12471

   (c) Result: Affirmed

   (d) Date of result (if you know): 5/10/2010

   (e) Citation to the case (if you know): 378 Fed.Appx. 939

   (f) Grounds raised:

   Denial of motions to suppress and denial of suppression on grounds not raised in motion to suppress.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

    (7) Result:

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ❑  No ❑

    (2)  Second petition:  Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**

INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attachment explaining ineffective assistance of counsel in failing to move to suppress the search of my computer that was my personal computer that no one had the right to consent to search it, but my lawyers did not raise that motion until the appeal and the appeals court did not permit my counsel to proceed with the claim because they failed to file the motion to suppress.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❏   No ❏
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❏   No ❏
    (2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Page 10

   (b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:


   (c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❏   No ❏
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ❑ No ❑
17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ❑ No ❑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ❑  No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> This motion is filed within one year of the time that the conviction became final due to the running of the time for filing a petition with the Supreme Court on August 8, 2010.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>> (1) the date on which the judgment of conviction became final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

vacate the convictions

or any other relief to which movant may be entitled.

none

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __8-3-11__ (date).

*[signature]* Guillermo Zarabozo

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Attachment to Motion to Vacate Conviction

Counsel failed to move to suppress the contents found in my computer. Had this argument been raised at trial with the other motions to suppress, counsel would have been successful in suppressing any information from my computer at trial. This failure led to the use of information from my computer during my cross-examination, destroying my credibility before the jury and leading to my conviction.

On April 25, 2010, Counsel filed a Motion to Suppress Physical Evidence Seized from Guillermo Zarabozo's Bedroom and Request for Evidentiary Hearing. Counsel explained that the FBI agents went to my residence "without a search warrant and without probable cause to search the residence," but entered the apartment anyway based on my mother's consent. The motion states that my mother showed the agents a computer my sister and I use, located in the living room of the apartment, and that my mother consented to the seizure of the computer. After explaining that my mother could not have consented to the search of my apartment because she had no actual or apparent authority, counsel moved only to suppress "any and all items seized from his bedroom." As the computer was in the livingroom, the motion did not request that the court suppress my computer. Thus, even though in his Motion counsel tells the court that the computer was erroneously seized and information erroneously taken that was used in a warrant request, and on appeal counsel stated that he intended to move to suppress the computer in that motion, counsel failed to actually move to suppress the computer from unlawful seizure. This was a huge mistake.

First, my mother did not have the apparent or actual authority to allow the agents to enter the apartment. As my landlord (I paid $300/month in rent to live in a bedroom in the family apartment) my mother was not authorized to consent to the search. Specifically, my mother was not authorized to walk the agents into the apartment, point to my computer, and tell them they could seize the computer. The fact that the computer was located in the living room is irrelevant. The computer was in no way hers, she did use the computer or have joint access to the computer, as she explained to the agents, it was shared with my step-sister. Without any "mutual use" of the computer, my mother had no authority to consent to a search. And the agents knew that my mother did not have the authority to consent to a search: she told the agents that I felt she was "nosy" and was getting into my business and that I wanted my private belongings kept private. It is clear that the FBI agents doubted her authority, as they decided not to search a box found in my room until they had a warrant to continue the search, so that they "would not lose any evidence." My mother had no authority to consent to this search and any information found in my computer, property protected by my Fourth Amendment rights, should have been suppressed.

Second, the seizure of a computer is unlike the seizure of other evidence (discussed in counsel's motion to suppress) because it commands a higher privacy protection. Computers generally are used for personal reasons: storing personal letters, emails, chats, financial information, passwords, photos, and countless other items of a personal nature. This privacy protection is particularly relevant

here, where the prosecution relied on the most private of uses, on-line conversations with my friends/girlfriend and my google searches. Thus, even if my mother did have the authority to consent to a search of the apartment, she certainly did not have the authority to consent to search of something so personal and private as the hard drive of my computer.

Third, this improper search directly led to the agents seizing my computer. The agents would not have even known to request a search warrant for my computer had my mother not allowed them to enter the apartment without my consent, pointed out my computer, and allowed them to seize my computer. There was no reason for them to know I had a computer or to ask for the computer in the search warrant. Yet, after my mother told the agents they could seize my computer, the agents were able to name my computer by serial number ("computer tower model T5212 bearing serial number GRD6A10011908") in the search warrant. There was absolutely no probable cause for the agents to request my computer in the search warrant and any information from the computer therefore should have been suppressed.

Fourth, this mistake, in failing to move to suppress the evidence from the computer, was detrimental to my defense. At trial, the Government used what the agents found on my computer to cross examine me and impeach my testimony, effecting my credibility and ultimately leading to my conviction. I testified in court that I did not learn from my co-defendant about his plans to re-route the boat to Cuba until September 2007. The chats found on my computer, however, were used at trial to contradict this testimony. These chats, found on my

computer, showed that I was already "talking about Cuba" in August 2007 and that I knew I was going to be away for a year and unable to communicate. The agents also used searches of docks in Cuba, and not Bimini, to further impeach my testimony at trial that I thought we were heading to Bimini. Thus, the chats and searches found on my computer ruined my defense at trial. Not only did it cut holes in counsel's defense strategy but it ruined my credibility as a witness. Generally, when a defendant testifies at his own trial the verdict depends entirely upon his credibility. If a jury finds a defendant's testimony to be untruthful, they will also find him guilty of the charged crimes. But, credibility was even more important in this case. Here, this was such a close case that the jury in the first trial (where computer evidence was not used) could not even reach a verdict. Thus, my testimony and credibility was especially important and the use of this evidence, which counsel failed to suppress at trial, directly led to my conviction.

Respectfully, I ask that the Court grant this Motion for Ineffective Assistance of Counsel or alternatively grant me an evidentiary hearing.

Respectfully,

Guilllermo Zarabozo

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for Southern District of Miami
    400 North Miami Avenue
    Miami, FL 33128

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**